**UNITED STATES DISTRICT COUR**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


KRISTIN BUTLER and
WILLIAM J. BUTLER,

          Plaintiffs,

vs.                             CASE NO. 8:07-CV-00330-T-17-MAP

BYL COLLECTION SERVICES, LLC;
MARISOL COSME; COLLEGE PARK
COMMUNITIES; "MELISSA"; "MICHELE";
TOWMED HOUSING, LLC; ONE or MORE
"JOHN or JANE SMITHS"

          Defendants.

_____/

## ORDER

      This cause is before the Court on the Defendants', Towmed Housing, LLC, Marisol

Cosme, and College Park Management, Motion to Dismiss based on Rule 12(b)(6), filed on

April 3, 2007 (Dkt. 19) and on Plaintiffs' response thereto, filed April 10, 2007. (Dkt. 21). For

the reasons set forth below, the moving defendants are ordered dismissed from this case based

on lack of subject matter jurisdiction.

## BACKGROUND

      On July 28, 2005, Kristin Butler ("Ms. Butler"), with her father Will ("Mr. Butler")

acting as guarantor, entered into a residential lease agreement with Towmed Housing, Inc.

("Towmed") at Campus Club Apartments ("CCA"). College Park Management, Inc. ("CPM")

acted as Towmed's agent. (Dkt. 1). The lease was to start on August 20, 2005, and end on August

11, 2006. (Dkt. 1).  Ms. Butler vacated the apartment in December 2005 for alleged health

reasons and at the request of her physician. (Dkt. 1).  On November 25, 2005, Mr. Butler informed CCA of the vacancy and requested a sublease. (Dkt. 1). Plaintiffs later filled out the sublease paperwork (Dkt. 1). On January 20, 2006, Plaintiffs received a letter from Towmed employee Marisol Cosme ("Cosme") informing them that if they did not pay their January rent by January 31, Towmed would accelerate the entire amount due and forward the account to a collections agency (Dkt. 1). In February, Plaintiffs started to receive calls and letters from BYL Collection Services, LLC ("BYL") employees "Melissa," "Michele" and one or more John or Jane Smiths demanding payment of $2,960.00 owed in rent to fulfill the rest of the lease term (Dkt. 1). From February forward, all collections communications were handled by BYL and its employees. (Dkt. 1).

On February 22, 2007, Plaintiffs filed a two-count complaint against Defendants Towmed, CPM, Cosme, BYL, Melissa, Michele, and John and Jane Smiths in the United States Court, Middle District of Florida, Tampa Division. Plaintiffs requested actual damages, statutory damages, punitive damages, and costs and attorney's fees. Count I alleged that some or all Defendants violated the Fair Debt Collection Practice Act, 15 U.S.C § 1692 ("FDCPA"). Count II alleged all Defendants violated the Florida Consumer Collection Practices Act, Fl. Stat. § 559 ("FCCPA"). Plaintiffs alleged subject matter jurisdiction arising under FDCPA and 28 U.S.C. § 1331, with supplemental jurisdiction for the FCCPA claims pursuant to 28 U.S.C § 1367 (Dkt. 1).

On April 3, 2007, Defendants CPM, Cosme, and Towmed ("Moving Defendants") filed a 12(b)(6) Motion to Dismiss, claiming that there was no federal cause of action because the FDCPA  applies only to "debt collectors." (Dkt. 19). Since Moving Defendants are creditors or their agents, they cannot also be considered debt collectors under the FDCPA. (Dkt. 19). Moving

Defendants also alleged that similar rules apply for the FCCPA and asked the Court to dismiss with prejudice (Dkt. 19).

On April 10, 2007, Plaintiffs filed their Memorandum in Opposition to the Motion, conceding that the moving parties were not "debt collectors" as defined by the FDCPA (Dkt. 21). As a result they had no federal claim for the moving defendants and would proceed under only the state claim, which they alleged applies to "persons" and not "debt collectors." (Dkt. 21).

## DISCUSSION

Upon review, this Court, *sua sponte*, has determined that it lacks subject matter jurisdiction over the moving parties. Plaintiffs claim subject-matter jurisdiction over Defendants arising from the FDCPA and file the second state count for the FCCPA under 28 U.S.C. § 1367. Under 28 U.S.C. § 1367, federal courts have supplemental jurisdiction over state claims that are "so related" to the original transaction that they form part of the same controversy.  However, Plaintiffs concede that they no longer have federal cause of action under Count I for the three moving parties because the FDCPA applies only to debt collectors and not creditors. (Dkt. 21). As a result, Plaintiffs wish to proceed only on the FCCPA claim, Count II, which is based purely on state law. The plaintiffs do not raise any alternate jurisdictional justification in their complaint or opposition to the motion to dismiss. The Court declines to exercise supplemental or pendant jurisdiction as to the moving defendants.

An objection based on the lack of subject matter jurisdiction may be made at any time by a party to the case or by the court on its own initiative. See Arbaugh v. Y&H Corp., 126 S. Ct. 1234, 1240 (2006). Fed.R.Civ.P. 12(h)(3) requires a court to dismiss the action whenever it appears it the court lacks jurisdiction over the subject matter. Id. The Court is obligated to dismiss the claim in its entirety once it concludes that it lacks subject matter jurisdiction. Id. at 1044. Thus, if  Plaintiffs wish to file suit against movants, they must do so in state court.

Accordingly, it is

**ORDERED** that the Motion to Dismiss (Dkt. 19) be **GRANTED** based on lack of subject matter jurisdiction and the Clerk of Court is directed to terminate Towmed Housing, LLC, Marisol Cosme, and College Park Management as defendants in this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 14th day of June, 2007,



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.